IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUSTIN RENARD PASCHAL,        )
                             )
    Plaintiff,                )
                             )
v.                           )   CIVIL ACT. NO. 2:18-CV-115-WHA
                             )            [WO]
WARDEN HENLINE OF ECJ, *et al.*, )
                             )
    Defendants.               )


## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Elmore County Jail in Wetumpka, Alabama, when he filed this *pro se* 42 U.S.C. § 1983, challenges various conditions to which he was subjected during his incarceration at the county jail. Plaintiff requests an investigation of the jail and county courthouse, Defendant Henline be removed as warden, charges be brought against officers for violating the law, and the public be made aware of jail conditions via the media.  Doc. 1.

### I.  DISCUSSION

Plaintiff complains that while incarcerated at the Elmore County Jail Defendants subjected him to unconstitutional conditions of confinement, denied him access to the grievance procedure, interfered with his mail, and failed to provide adequate medical care. It recently came to the court's attention that Plaintiff is no

longer confined at the Elmore City Jail.[1] Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes Plaintiff's complaint is due to be dismissed as moot.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by developments" subsequent to filing of the complaint.). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts may

---

[1] On March 2, 2018, the court received correspondence from the Elmore County Sheriff's Department indicating Plaintiff was no longer in their custody. Doc. 9.

not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (citation omitted) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'").  In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at the Elmore County Jail.  He is, therefore, no longer subject to the conditions about which he complains when he filed the instant lawsuit. There is no indication Plaintiff will be returned to the Elmore County Jail, much less be returned in the immediate future. "'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985), quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id*. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

Normally, the court would afford the Plaintiff an opportunity to show cause why his complaint should not be dismissed.  However, mail containing two orders sent to the Plaintiff at his last known address has been returned to the Court with the following notation: "returned to sender-not here."  In an order entered on February 22, 2018, the Plaintiff was advised that he should "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action."  Doc. 3.

Accordingly, that court concludes that it would be futile to attempt any further communications with the Plaintiff.

In light of the foregoing, the court finds Plaintiff's complaint is now moot. Because there is no present case or controversy to support the court's jurisdiction over Plaintiff's claims against the named defendants, the complaint is due to be dismissed without prejudice for lack of jurisdiction.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction.

It is further

ORDERED that **on or before April 12, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain

error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 29th day of March, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE